IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MARVIN BALLARD,

    Petitioner,                    No. CIV S-07-2527 LKK DAD P

    vs.

UNITED STATES OF AMERICA,

    Respondent.                 <u>ORDER</u>

_____/

        Petitioner, an inmate at the Sacramento County Main Jail, has filed a petition for a writ of error coram nobis challenging his 2001 conviction on federal charges of traveling in interstate commerce for the purpose of engaging in sexual acts with a minor in violation of 18 U.S.C. § 2423(b).[1] On December 10, 2008, petitioner filed a letter requesting that the court order the Sacramento County Mail Jail to provide him with "regular access to the jail's law library and have the ability to make legal telephone calls which would not be monitored or required to be placed collect." (Letter at 1.) In addition, petitioner seeks "defense funds for expert and

/////

---

[1] Petitioner denies that he traveled interstate for the purpose of engaging in sexual acts with a minor and contends that two prosecution witnesses, Sacramento Police Detective Thomas Chaplin and Wendy Kurtz-Knight, committed perjury at his trial.

1

1  investigative fees" as authorized by 18 U.S.C. § 3006A(e)(1)[2]. (Id.) Petitioner explains that he
2  wishes to depose Assistant United States Attorney Samuel Wong as well as two prosecution
3  witnesses: (1) former Sacramento Police detective Thomas Chaplin who testified about a
4  recorded telephone conversation with petitioner, and (2) Wendy Kurtz-Knight who testified that
5  petitioner had sexually abused her when she was twelve years old. In addition, petitioner seeks
6  the names, addresses and telephone numbers of the jurors in his criminal case so that they can be
7  interviewed to determine if their verdict would have been different if the allegedly perjured
8  testimony had not been presented.

9        Petitioner's requests will be denied. Petitioner has not demonstrated that a court
10 order is required for him to obtain access to the law library. The court will not issue a general
11 order allowing for preferential law library and telephone access among jail inmates. In addition,
12 the court will not order the allocation of funds in an unspecified amount, especially where
13 petitioner does not seek new information but instead seeks to further cross-examine the
14 prosecution's trial witnesses about their testimony. Finally, the court notes that now pending is
15 respondent's motion to dismiss the petition for a writ of error coram nobis which may render
16 petitioner's requests moot.

17 /////
18 /////
19 /////
20 /////

---

[2] 18 U.S.C. § 3006A(e)(1) provides:
> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon findings, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

2

Accordingly, IT IS HEREBY ORDERED that petitioner's December 10, 2008 request for library and telephone access as well as defense funds for expert and investigative fees (Doc. No. 18) is denied.

DATED: December 17, 2008.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ball2527.fund