IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MARVIN BALLARD,

Petitioner, No. CIV S-07-2527 LKK DAD P

vs.

UNITED STATES OF AMERICA,

Respondent. FINDINGS AND RECOMMENDATIONS

______________________________/

Petitioner is a federal prisoner, currently confined at the Federal Correctional Institution at Butner, North Carolina. He is proceeding in this action pro se with a petition for a writ of error coram nobis challenging his 2001 conviction in this court for traveling in interstate commerce for the purpose of engaging in sexual acts with a minor, in violation of 18 U.S.C. § 2423. Before the court is respondent's motion to dismiss the petition or, in the alternative, for summary judgment. (Doc. No. 17.) Petitioner has filed an opposition to the motion. Respondent has filed a reply. On January 16, 2009, petitioner filed an unauthorized "surreply" which the court will nonetheless consider in light of petitioner's pro se status.[1]

[1] After this motion was submitted for decision, an order served on petitioner was returned as undeliverable. Accordingly, on August 31, 2009, the action was dismissed due to petitioner's failure to apprise the court of his current address. A month later, petitioner filed a notice of change of address. On October 23, 2009, the court reopened the case.

I. Procedural Background

On February 11, 1999, a federal grand jury for this district returned an indictment charging defendant as follows:

> Count One: offer to obtain custody or control of a minor with knowledge that, as a consequence of the obtaining of custody, the minor would be portrayed in a visual depiction engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2251(A)(b)(1) and (c)(1);
>
> Count Two: attempt to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing that such visual depiction would be transported in interstate commerce between the States of California and Nevada, in violation of 18 U.S.C. § 2251(a) and (d)[.]
>
> Count Three: travel in interstate commerce for the purpose of engaging in sexual acts with a minor, in violation of 18 U.S.C. § 2423(b).

United States v. Ballard, CR. S-99-0050 DFL, Indictment (Doc. No. 8.)

On July 24, 2000, the trial on the charges against petitioner commenced in this court before United States District Judge David F. Levi.[2] On August 1, 2000, the jury found petitioner guilty on counts one and three of the indictment and acquitted him on count two. Counsel on behalf of petitioner filed several post-conviction motions including motions for judgment of acquittal, a new trial and to amend the defense motions. On November 16, 2000, the court granted petitioner's motion for judgment of acquittal with respect to count one of the indictment, notwithstanding the jury's guilty verdict on that count, but denied petitioner's motions in all other respects, including his motion to dismiss count three of the indictment upon which the jury had found him guilty.

On December 13, 2000, the government filed a notice of appeal indicating that it would seek to challenge the judgment of acquittal entered with respect to count one of the

[2] Following extensive pretrial proceedings, on January 14, 2000, petitioner had entered a guilty plea pursuant to a plea agreement. However, on April 27, 2000, petitioner's motion to withdraw his guilty plea was granted.

indictment. Following protracted litigation with respect to sentencing, on November 15, 2001, the court sentenced petitioner on count three of the indictment to a term of imprisonment of 63-months, a three year term of supervised release to follow his incarceration, and the mandatory $100 special penalty assessment. See CR. S-99-0050 DFL, Indictment. (Doc. Nos. 140-141.) Imposition of a fine was waived. (Id.)

A. Settlement Agreement

On December 13, 2001, following post-sentencing negotiations, the parties lodged with the court a fully executed agreement entitled, "Stipulation for Mutual Waivers of Appeal and Waiver of Defendant's Post-Conviction Relief Rights." (Id., Doc. No. 142.) That stipulation provided:

> Whereas plaintiff United States of America has filed a notice of appeal from the Court's November 16, 2000, judgment of acquittal on Court One of the Indictment notwithstanding the jury's verdict of guilty convicting defendant John Marvin Ballard on that count;
>
> Whereas, in the event that the United States prevails in its appeal of the Court's November 16, 2000, judgment of acquittal on Count One, Ballard would be subject to at least twenty years to life imprisonment on that count;
>
> Whereas on November 20, 2000, the Court entered its judgment and sentence against Ballard on Count Three of the Indictment and Ballard has a right to appeal his conviction and sentence; and
>
> **Whereas, both the United States and Ballard desire to end any further litigation in this case, including all appeals and any post-conviction collateral attacks on Ballard's conviction and sentence on Count Three of the Indictment, whether by way of a motion pursuant to 28 U.S.C. § 2255 or otherwise**,
>
> It is hereby stipulated and agreed by and between the United States and Ballard that in consideration of and in exchange for the other party's irrevocable waiver of valuable rights:
>
> 1. Ballard hereby waives all of his rights to appeal and shall not file a notice of appeal in this case; including without limitation an appeal from any ruling, order, judgment, or sentence by the Court. In the event that Ballard has already filed a notice of appeal, he shall forthwith file a motion to dismiss the appeal;

/////

> 2. **<u>Ballard hereby waives his rights to any post-conviction collateral attacks on his conviction and sentence on Count Three of the Indictment, whether by way of a motion pursuant to 28 U.S.C. § 2255 or otherwise</u>**; and
>
> 3. The United States hereby waives its right to appeal the Court's November 16, 2000, judgment of acquittal on Count One of the Indictment notwithstanding the jury's verdict of guilty convicting Ballard on that count. In the event that Ballard complies with all of his obligations under Paragraph No. 1 of this Agreement, the United States shall file a motion to dismiss its pending appeal to the Ninth Circuit Court of Appeals from the Court's November 16, 2000, ruling. The United States' motion to dismiss shall be filed on or before December 14, 2001, or ten days after the Ninth Circuit Court of Appeals dismisses any appeal that Ballard may file, whichever is later.

(<u>Id.</u>) (emphasis added).

Petitioner approved and entered into this stipulation himself by affixing his signature just below the following acknowledgment:

> I have read, reviewed, and fully understand the terms and conditions of this Agreement. I fully understand the rights that I waive under this Agreement. I have discussed this Agreement at length with my attorneys who have explained the advantages and disadvantages of both parties going forward with their respective appeals, as well as with both parties terminating all further litigation in this case. I am satisfied with the representation and advice provided to me by my attorneys. I have considered all the alternatives available to me at this time, and I prefer to accept the sentence imposed upon me based on my conviction on Count Three of the Indictment than face the possibility of a much longer sentence in the event that the United States prevails in its appeal.

(<u>Id.</u>) The court signed the proposed stipulation and order. Pursuant thereto, on December 28, 2001, the Ninth Circuit granted the government's motion to voluntarily dismiss its appeal.

B. <u>Petitioner's § 2255 Motion</u>

Less than a year after entering this agreement, on November 4, 2002, petitioner filed a motion with this court pursuant to 28 U.S.C. § 2255 collaterally attacking his conviction and sentence. (<u>Id.</u>, Doc. No, 154.) Therein, petitioner sought relief based on the following claims: (1) his conviction was obtained through the use of illegally obtained evidence; (2) his

conviction was obtained as a result of an illegal arrest; (3) the prosecution failed to disclose exculpatory evidence to the defense; (4) he was convicted in violation of his rights under the Double Jeopardy Clause; (5) he was denied effective assistance of counsel in the pretrial, trial, and sentencing process; (6) Count Three of the indictment failed to charge a criminal offense; (7) the prosecution used perjured and manufactured evidence to obtain his conviction; (8) the court improperly enhanced his sentence based on perjured testimony; (9) the court's sentence was based on erroneous and prejudicial information contained in the presentence investigation report; and (10) the supervised release conditions imposed upon him were more restrictive than those allowed by law. (Id.)

On February 21, 2003, the government filed a motion to dismiss the § 2255 motion based on the settlement agreement entered into by the parties. (Id., Doc. No. 162.) At the hearing on that motion, counsel for petitioner claimed that petitioner had not seen the stipulation of mutual waivers bearing his signature until he was served with it as an exhibit to the government's motion to dismiss his § 2255 motion. (Mot. To Dismiss, hereinafter "MTD," (Doc. No. 17), App. B.) Counsel for petitioner then argued that although the petitioner may have signed the Stipulation for Mutual Waivers of Appeal and Waiver of Defendant's Post-Conviction Relief Rights, he did not know the contents of the document and that it was, therefore, not an intelligent and voluntary waiver of his rights. (Id.) The district court rejected petitioner's argument in this regard, finding it unsupported by any evidence, inherently unbelievable, inconsistent with the contents of the stipulation itself and lacking any credibility. (Id.) Accordingly, the district court granted respondent's motion and dismissed the § 2255 action based on the stipulation for mutual waivers.[3]

---

[3] Immediately after the district court had ruled, counsel for respondent advised the court that in support of the motion to dismiss the government would proffer the testimony of Assistant Federal Defender Caro Marks who had represented petitioner when the settlement agreement was entered into, that Ms. Marks was present to testify, and that she would testify that she explained the settlement agreement to petitioner and that he understood the agreement before he signed it. (MTD, App. B.) The Assistant U.S. Attorney also requested that the court order that the

II. The Pending Motion to Dismiss the Petition for Writ of Coram Nobis

A. Respondent's Argument

Respondent argues that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the pending petition for writ of error coram nobis should be dismissed because petitioner has failed to state a claim upon which relief can be granted. (MTD at 10.) In this regard, respondent asserts that petitioner is not entitled to any relief since he specifically waived his right to collaterally attack his conviction and sentence by entering the settlement agreement. (Id. at 10-11.) According to respondent, the interpretation of the agreement petitioner entered into is, like a plea agreement, governed by general contract principles. (Id. at 11.) Respondent notes that under well-established law, a defendant's knowing and voluntary waiver of his right to seek post-conviction relief by way of collateral attacks on his conviction and sentence is enforceable. (Id.) Respondent also argues that a writ of error coram nobis is such a collateral attack. (Id. at 11-12.)

Respondent also argues that a post-conviction collateral attack upon a conviction may be dismissed if the same ground for relief was presented by the petitioner in a prior application, the court reached the merits in response to the previous application, and the ends of justice are served by refusing to reach the merits of the current petition. (Id. at 12.) Here, respondent contends, petitioner has already unsuccessfully challenged the validity of the stipulation for mutual waivers in his previously rejected § 2255 motion. (Id.) Moreover, respondent asserts, petitioner knowingly, intelligently and voluntarily entered into the settlement

/////

/////

---

attorney-client privilege with respect to the agreement, be waived. (Id.) After conferring with his client, petitioner's new counsel stated that he did not wish to cross-examine Ms. Marks, and that petitioner had elected not to waive the attorney-client privilege with respect to the settlement agreement. (Id.) The district judge therefore accepted the government's proffer as to what petitioner's former counsel would testify to and cited that proffer as an additional basis upon which to grant the government's motion to dismiss the § 2255 proceedings. (Id.)

agreement and reaped the benefits of that agreement when the government dismissed its appeal. (Id. at 13.)[4]

B. Petitioner's Opposition

Petitioner opposes the motion to dismiss these proceedings in scatter-gun fashion. First, he complains that respondent has falsely portrayed him as a child molester even though he has never been convicted as such. (Opp'n at 2.) As to whether he is attempting to raise the same claims that were rejected in his earlier-filed motion pursuant to 28 U.S.C. § 2255, petitioner argues that he "now has PROOF of those claims today which should not bar them from being heard." (Id.) Petitioner also argues that respondent's motion to dismiss is untimely because his coram nobis petition was served on November of 2007, and respondent intentionally delayed these proceedings by not filing a response until ordered to do so by the court.[5] (Id. at 3.)

Turning to the merits of the pending motion, petitioner contends that when he signed the waiver of rights, "he could not have foreseen that he would obtain proof that those witnesses [at trial] committed perjury and that it was possible that respondent was in on the ruse in order to secure his conviction of Mr. Ballard." (Id.) Petitioner argues that a waiver to appeal or collaterally attack a conviction, such as that he entered into here, should not be enforced when there was perjured testimony introduced at trial which "possibly was condoned by the prosecutor[.]" (Id.) As to the benefits he allegedly received upon entering into the agreement, petitioner disagrees with respondent's characterization of the potential sentence had the government prevailed on its appeal. (Id.) Rather than a minimum twenty-year term, petitioner asserts that such a sentence would have been "highly unlikely." (Id.)

---

[4] Respondent takes the position that had the government prevailed on its appeal from the judgment of acquittal notwithstanding jury verdict with respect to count one of the indictment, petitioner would have been subjected to a minimum term of imprisonment of twenty years. (Id.)

[5] The court notes that respondent's answer was not due until the court had screened the petition and issued its October 7, 2008, order requiring respondent to file an answer within sixty days thereafter.

C. The Parties' Replies

In reply, respondent defends its characterization of petitioner's criminal record. Respondent also argues that the government did not defraud petitioner into entering the stipulation to waive his collateral attack rights, did not introduce perjured testimony at his trial and did not withhold exculpatory evidence from the defense.

In his unauthorized "surreply," petitioner continues to dispute the accuracy of respondent's description of his prior record.[6] Petitioner also repeats his arguments that false testimony was presented at his trial and that the government withheld evidence of a 1987 presentence report from him which would have aided in his counsel's cross-examination of a key government witness.[7] Finally, petitioner argues that his trial counsel refused to let him testify in his own defense at trial and refused to cross-examine witnesses so as to present the defense petitioner favored.

III. Discussion

The central issue placed before the court by the pending motion is whether the stipulation for mutual waivers entered into by petitioner was valid. If so, this action is barred by the terms of that stipulated to agreement. Generally, such waivers, if knowingly and voluntarily made, are enforceable.

> A defendant's right to appeal is statutory, rather than constitutional, in nature. [United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000).] Knowing and voluntary waivers of appellate rights in criminal cases are "regularly enforce[d]." Id. "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." Id. at 1068. Thus, if [defendant's] waiver of appellate rights was knowing and voluntary, inquiry into

---

[6] The court need not resolve this dispute because it is irrelevant to a resolution of the motion pending before the court.

[7] Respondent has argued that the report petitioner claims was withheld from his counsel is one related to petitioner's 1987 sentencing for a violation of 18 U.S.C. § 2252 involving interstate transportation of a visual depiction of a minor engaged in sexually explicit conduct. (Resp't Reply, Decl. of Samuel Wong at 2.) Respondent contends that the U.S. Attorney's Office "did not obtain and, therefore, could not have withheld the 1987 PSR." (Id.)

> the waiver's validity is at an end; the valid waiver bars [defendant's] underlying challenges to his conviction and sentence and we must dismiss the appeal.

United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000). See also United States v. Bibler, 495 F.3d 621, 623-24 (9th Cir. 2007) ("The waiver is enforceable if appellant knowingly and voluntarily waives her rights and the language of the waiver covers the grounds raised on appeal."); United States v. Mabry, 536 F.3d 231 (3d Cir. 2008) (affirming the enforcement of a defendant's waiver of direct appeal and collateral challenge rights, even with respect to claims of ineffective assistance of counsel, where the waiver was knowing and voluntary and its enforcement would not work a miscarriage of justice).

In his previously rejected § 2255 motion, petitioner argued that he did not knowingly and voluntarily agree to waive his direct appeal and collateral challenge rights. However, in his opposition to respondent's pending motion to dismiss, petitioner does not make such a claim. Instead, petitioner merely argues that he could not have foreseen at the time he entered the waiver agreement that he would later obtain proof supporting a challenge to the testimony of trial witnesses and that the waiver he entered should therefore not be enforced.

Petitioner's argument is unpersuasive. A defendant who enters into such an agreement to waive direct appeal and collateral challenge rights cannot later argue that he did not appreciate the character and strength of his potential claims, or that he did not know the precise nature of those claims. As the Ninth Circuit has held in rejecting a similar argument:

> In essence, Nguyen argues that his waiver was not knowing and voluntary because he did not realize the strength of his potential appellate claims at the time that he entered into the plea agreement. Under Nguyen's view, a waiver of appellate rights would be essentially meaningless; the waiver would be valid if the claims were meritless, but invalid if the claims were meritorious. The whole point of a waiver, however, is the relinquishment of claims *regardless* of their merit.

Nyugen, 235 F.3d at 1184 (emphasis in original).

/////

Here, as previously determined by the district court, the settlement/waiver agreement was knowingly and voluntarily entered into by petitioner. As the district court has also previously concluded, under that valid and enforceable agreement petitioner specifically waived his right to pursue any post-conviction collateral attacks on his conviction and sentence. (MTD, Appendix A, Ex. 1 at 2) (waiving "any post-conviction collateral attacks on his conviction and sentence on Court Three of the Indictment, whether by way of a motion pursuant to 28 U.S.C. § 2255 or otherwise[.]") A petition for a writ of coram nobis is clearly a collateral attack on a judgment of conviction. United States v. Kwan, 407 F.3d 1005, 1012 (9th Cir. 2005) (characterizing a writ of error coram nobis as a collateral attack on a criminal conviction); Telink, Inc. v. U.S., 24 F.3d 42, 45 (9th Cir. 1994) (same); see also United States v. Monroe, 580 F.3d 552, 558 n.11 (7th Cir. 2009) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis."); United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003) (same). Therefore, by entering the stipulated waiver petitioner waived any right he had to collaterally attack his conviction by way of petition for writ of coram nobis.

Accordingly, respondent's motion to dismiss the petition should be granted.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 8, 2008 motion to dismiss the petition for writ of coram nobis (Doc. No. 17) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ball2527.mtd